UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISMAEL PENATE,

      Petitioner,

v.                                    Case No.  2:26-cv-1492-JES-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Petitioner Ismael Penate, an immigration detainee currently held at the Krome North Detention Facility, initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus.  (Doc. 1).  Respondents have filed a response and supplemental response to the petition.  (Doc. 7; Doc. 14).  Upon review of the parties' filings, the Court finds that the petition must be granted.

## I.  Background

Ismael Penate, a citizen of Cuba, entered the United States without inspection in 1990.  (Doc. 7 at 1).  In 2002, Penate was sentenced to prison on convictions for aggravated battery, fleeing and eluding, and driving with a suspended license.  (Id.)  He was released from prison on April 13, 2004.  (Id.)

An immigration judge ordered Penate removed to Cuba on September 10, 2004.  He was released on an order of supervision

shortly thereafter because Immigration and Customs enforcement (ICE) was unable to deport him. (Doc. 7 at 2). However, on December 3, 2025—more than 21 years after his release—Penate was taken into custody by ICE Officers when he arrived at their office for a routine check in. (Id.)

On April 26, 2025, ICE took Petitioner to the El Paso Camp East Montana in preparation for deportation. (Doc. 7 at 2). But when ICE received notice that Petitioner had filed a habeas petition, he was transferred back to Florida. (Id.)

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. Id. Detention may continue after the removal period, but not indefinitely.

Petitioner argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because his post-removal-order detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future. In Zadvydas, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention

2

unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.[1]

Here, there is no dispute that Penate has been in ICE custody for more than six months following his latest order of removal. On June 9, 2026, the Court directed Respondents to file a supplemental response "explain[ing] how (and whether) Penate's removal is likely in the reasonably foreseeable future." (Doc. 12). In response, the government directed the Court to its

---

[1] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. See Clark v. Martinez, 543 U.S. 371 (2005) (extending Zadvydas's holding to inadmissible aliens as a matter of statutory interpretation).

original response, which contained the declaration of Deportation Officer Norris Q. Sealey. (Doc. 7-5). Officer Sealey states only that "ICE intends to remove the petitioner to Mexico," but "[d]ue to Habeas being filed, removal has been postponed." (Id. at 2). Officer Sealy further notes that "[i]f Habeas is denied, ERO must continue to proceed with safe third country removal to Mexico through all ports of entry." (Id.). Respondents do not allege that Mexico has actually agreed to accept Penate specifically or that ICE even had an approved plan for removal to Mexico that Penate thwarted in some way. Moreover, Officer Sealey appears to suggest that ICE does not intend to attempt further removal unless and until the Court denies this petition. (Doc. 7-5 at 2). Respondents recognize that, given the Court's "rulings in many previous cases presenting similar circumstances, [it] anticipates that the Court will conclude [that Officer Sealey's declaration] lacks sufficient detail to meet the government's burden in justifying continued prolonged detention." (Doc. 14 at 2-3).

Accordingly, based on the evidence, or lack thereof, the Court finds that the government has not shown a significant likelihood that Penate will be removed in the reasonably foreseeable future. Penate is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If he fails to comply with the conditions of release, Penate may be subject to criminal penalties—including further detention. See 8

4

U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions.").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Penate to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

### III. Conclusion

Accordingly, it is **ORDERED**:

1.   Ismael Penate's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Respondents shall release Penate within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 16, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

5